## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

WILLIAM DAVID RICHARDS,

                    Plaintiff,

v.                                                    CIVIL ACTION NO.  2:11-cv-00144

APPALACHIAN POWER COMPANY, et al.,

                    Defendants.


### MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Remand this action to the Circuit Court of Kanawha County, West Virginia [Docket 5].  For the following reasons, the court **FINDS** that the plaintiff's claims are not completely preempted and **GRANTS** the plaintiff's motion to remand.

### I.    Background

The plaintiff, William David Richards, worked as a union employee for the defendant Appalachian Power Company ("APCO"), which is part of American Electric Power Company ("AEP"), for just under 37 years.  In early March 2010, as his 62nd birthday approached, Richards considered retirement.  Accordingly, Richards approached an APCO human resources representative and asked whether the defendants contemplated offering any severance packages to retirees.  The representative told Richards that no severance programs were contemplated and that no negotiations between AEP and/or APCO and the union were pending concerning severance programs for union employees.  Richards alleges that he relied on this information in electing to retire, and did so effective March 31, 2010.  Shortly thereafter, on April 14, 2010, AEP announced a severance

program, available to employees who had been actively employed as of April 1, 2010, one day after Richards's retirement.  Consequently, Richards was not eligible for the severance benefits package.  Richards avers that the defendants should have told him about the impending severance program, and that, had they done so, he would have delayed his retirement in order to be eligible for the severance benefits.

On February 1, 2011, Richards filed suit against APCO and AEP in the Circuit Court of Kanawha County, West Virginia.  In his Complaint, Richards seeks damages based on claims of negligent misrepresentation and constructive fraud under state law.  On March 4, 2011, the defendants removed the action to this court based on federal question jurisdiction.  In their notice of removal, the defendants assert that the severance plan referenced in the Complaint is an employee benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  The defendants contend that Richards's state-law claims "relate to" the plan and thus are removable under the doctrine of "complete preemption."  On April 1, 2011, Richards filed a Motion to Remand, primarily arguing that the severance plan is not an "employee welfare benefit plan" subject to ERISA.  The motion has been fully briefed and is now ripe for review.

## II.    Standard of Review

Because federal courts are courts of limited jurisdiction, the burden of establishing jurisdiction rests on the party seeking to invoke the court's jurisdiction.  *Barbour v. Int'l Union*, __ F.3d __, 2011 WL 242131, at *4 (4th Cir. Jan. 27, 2011) (en banc).  In a removed case, such as this one, that burden falls on the party seeking removal.  *See id.*  Moreover, removal jurisdiction is to be strictly construed, "inasmuch as the removal of cases from state to federal court raises significant federalism concerns."  *Id.*  Thus, any doubts as to the existence of federal jurisdiction must be

resolved in favor of remanding the action to state court.  *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc).

## III.   Discussion

An action filed in state court can only be removed to federal court if the "the district courts of the United States have original jurisdiction" over the matter.  28 U.S.C. § 1441(a).  In other words, the question is whether the action could have originally been brought in federal district court.  *See King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003).  Typically, that occurs in one of two circumstances:  where the requirements for diversity jurisdiction are met or where the face of the complaint raises a federal question.  *See Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).  The defendants do not contend that this case implicates the court's diversity jurisdiction.  Thus, the only issue is whether the action falls within the ambit of federal question jurisdiction.

Under the well-pleaded complaint rule, which applies equally to original and removal jurisdiction, a federal question must appear from the face of the plaintiff's well-pleaded complaint.  *Louisville & Nasvhille R.R. v. Mottley*, 211 U.S. 149, 152 (1908); *see Discover Bank v. Vaden*, 489 F.3d 594, 609 (4th Cir. 2007) (Goodwin, J., dissenting), *maj. op. rev'd*, 129 S. Ct. 1262 (2009).  In short, a federal right must be an essential element of the plaintiff's claim; the mere existence of a federal defense will not suffice.  *See Lontz*, 413 F.3d at 439.  Thus, as a general matter, the plaintiff may avoid federal jurisdiction by exclusively relying on state law in the complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

There is, however, a "narrow exception" to the well-pleaded complaint rule — the doctrine of "complete preemption."  *Lontz*, 413 F.3d at 439.  A careful distinction must be drawn between complete preemption and ordinary, or "conflict," preemption.  *Sonoco Prods. Co. v. Physicians*

*Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003).  Because conflict preemption is simply a defense to a state-law claim, the Supreme Court has ruled that it does not appear on the face of a well-pleaded complaint and thus does not authorize removal of an action to federal court.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Complete preemption, by contrast, "is not a distinct type of preemption at all, but rather is a jurisdictional rule positing that all claims on a given topic arise under federal law, thereby paving the way for removal of an action to federal court pursuant to 28 U.S.C. § 1441(b)."  *Smith v. BAC Home Loans Servicing, LP*, __ F. Supp. 2d __, 2011 WL 843937, at *11 n.7 (S.D. W. Va. Mar. 11, 2011).  Thus, "the doctrine of complete preemption has but one purpose — that is, the recharacterization of a plaintiff's state complaint so that it may be considered federal for the purposes of the well-pleaded complaint rule."  *Vaden*, 489 F.3d at 611 (Goodwin, J., dissenting) (emphasis omitted); *see Sonoco Prods.*, 338 F.3d at 371 ("[W]hen complete preemption exists, the plaintiff simply has brought a mislabeled federal claim . . . ." (internal quotation marks omitted)).  Complete preemption is rarely applied.  Because the Supreme Court presumes that Congress did not intend to displace a whole panoply of state law, it has been "reluctant" to find complete preemption.  *See Lontz*, 413 F.3d at 440-41.[1]

The distinction between the defense of ordinary preemption and the jurisdictional doctrine of complete preemption is often confused in the context of ERISA.  Section 514 of ERISA defines the scope of ordinary preemption under the Act:  state law claims are preempted insofar as they "relate to" any employee benefit plan governed by ERISA.  29 U.S.C. § 1144(a).  The fact that a

---

[1] In fact, the Supreme Court has only found complete preemption to arise from three statutes.  *See, e.g.*, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003) (National Bank Act); *Taylor*, 481 U.S. at 66-67 (§ 502(a) of ERISA); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 560 (1968) (§ 301 of the Labor Management Relations Act).

-4-

claim may be preempted under § 514 of ERISA, however, does not provide a basis for removal of an action to federal court.  *See Sonoco Prods.*, 338 F.3d at 371 ("[C]onflict preemption under § 514 does *not* provide a basis for federal jurisdiction.").  Rather, complete preemption under ERISA — and thus a proper basis for removal — only arises if a state-law claim can be recharacterized as a claim under ERISA's civil enforcement provision, § 502(a).  *Id.*; *see also Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (observing that § 502(a) converts all claims coming within its scope into federal claims).

The "threshold requirement" for determining whether a claim falls within the scope of § 502(a) of ERISA is whether the plaintiff possesses standing to assert a claim under that provision. *Sonoco Prods.*, 338 F.3d at 372.  Section 502(a) empowers a "*participant or beneficiary*" of an ERISA-governed plan to bring a civil action to recover benefits due under the terms of a plan or to enforce rights under the terms of a plan, 29 U.S.C. § 1132(a)(1)(B) (emphasis added), and authorizes a "*participant, beneficiary, or fiduciary*" to bring a civil action to "obtain other appropriate equitable relief," *id.* § 1132(a)(3) (emphasis added).  Because the defendants in this case do not maintain that Richards is a "beneficiary" or "fiduciary" of an ERISA-covered plan, the question is whether he has standing as a "participant" to bring a claim under §502(a).[2]  ERISA defines a "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan."  29 U.S.C. § 1002(7).  To be classified as a "participant" under this definition, the

---

[2] The term "standing" is perhaps a misnomer, as the plaintiff's status as a "participant" in an ERISA-covered plan is both an issue of statutory standing and a component of subject-matter jurisdiction. *See Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 434 (4th Cir. 1986); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 (1983) (explaining that the "express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties").

Supreme Court has explained that a former employee who has no "reasonable expectation of returning to covered employment" must instead have "a colorable claim to vested benefits" under a plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (internal quotation marks omitted).

The defendants maintain that Richards is a "participant" under ERISA because he "is a former employee of APCO who may become eligible to receive a benefit of some kind from the Plan." (Defs.' Notice of Removal [Docket 1] ¶ 6.) I disagree with the defendants' analysis.[3] First, the defendants have not established that Richards has any reasonable expectation of returning to covered employment. He is approximately 62-years-old and retired from a company that was, at that time, actively eliminating jobs. Second, the defendants have not demonstrated that Richards has any colorable claim to vested benefits under the plan. In fact, quite the opposite is true.

Richards alleges in the Complaint that the defendants informed him that he was not eligible for the severance plan because he retired one day before the cut-off date for eligibility. Moreover, Richards does not seek through the Complaint to obtain benefits under the plan or membership in it. He does not assert any claims against the plan itself,[4] the plan administrator, or any fiduciary of the plan. Instead, Richards asserts claims for negligent misrepresentation and constructive fraud

_____

[3] In devoting the bulk of their arguments to whether the plan at issue is actually covered by ERISA, Richards and the defendants have skipped a critical step in the analysis. Even assuming that the plan *is* covered by ERISA, as I have for purposes of this opinion, the doctrine of complete preemption is inapposite because Richards's claim does not fall within the ambit of § 502(a). And, regardless, I am not limited to the parties' arguments because complete preemption is a jurisdictional doctrine going to the subject-matter jurisdiction of the court. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (stating that courts have an obligation to raise questions of subject-matter jurisdiction *sua sponte*).

[4] ERISA provides that an employee benefit plan is an entity that can sue or be sued. *See* 29 U.S.C. § 1132(d).

against his employer, not for any action it took vis-a-vis his eligibility for the plan or a claim for benefits made pursuant to it, but for allegedly misrepresenting to him whether a severance plan was expected in the near future.  As a consequence of that alleged misrepresentation, Richards seeks monetary damages from the defendants, not benefits under the plan.  Put simply, Richards does not have a colorable claim to any vested benefits under a plan existing at the time of his retirement.

The Tenth Circuit has considered a nearly identical set of claims and concluded that complete preemption did not apply because the plaintiffs lacked standing to sue under ERISA.  *See Felix v. Lucent Technologies, Inc.*, 367 F.3d 1146, 1150 (10th Cir. 2004).  In *Felix*, a group of employees brought suit in state court for fraud arising out of alleged misrepresentations that induced them into taking an early retirement plan.  *Id.*  The defendant removed the action to federal court on the basis of complete preemption under ERISA.  The Tenth Circuit held that the plaintiffs' fraud claims were not within the scope of § 502(a) of ERISA, as the plaintiffs did not seek to recover benefits due to them under the terms of the plan or to enforce their rights under the plan.  *Id.* at 1159.  Rather, the plaintiffs claimed that they were "fraudulently induced to take early retirement, to their financial detriment";  as a consequence, they sought "monetary damages from their employer (not from the pension plan)."  *Id.*  Because that type of claim fell outside the scope of § 502(a) of ERISA, the court concluded that the doctrine of complete preemption was inapposite.  *See id.*

The only possible basis for recharacterizing Richards's claims as falling within the ambit of § 502(a) of ERISA would be for the defendants to argue that his claim boils down to the assertion that "but for" their wrongful conduct, he would have been entitled to benefits under the plan.  The Fourth Circuit, however, has explicitly rejected the notion of "but for" standing under § 502(a) of

-7-

ERISA.  *See Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 435 (4th Cir. 1986).[5]  The facts of *Stanton* are instructive.  The plaintiff asked his employer if it was planning to adopt a better early retirement program in the near feature; when the employer said that it was not, the plaintiff relied on that representation and retired.  *See id.* at 433.  After the plaintiff retired, the employer adopted a better plan.  The plaintiff sued the employer in federal court under § 502(a) of ERISA, arguing that he had standing as a "participant" in an ERISA plan "because he 'may have become eligible to receive a benefit' *but for* his leaving Gulf Oil's employ by electing early retirement."  *Id.* at 434 (alteration omitted).  The Fourth Circuit rejected that standing argument, concluding that the "effect of reading in a 'but for' test is to impose participant status on every single employee who *but for* some future contingency may become eligible."  *Id.* at 435 ("Neither caselaw nor other provision of ERISA supports such a reading of 'participant.'").

The fact that Fourth Circuit precedent would foreclose  Richards from pursuing a claim under § 502(a) of ERISA proves that complete preemption has no bearing here.  A "vital feature of complete preemption is the existence of a federal cause of action that replaces the preempted state cause of action."  *King*, 337 F.3d at 425 ("Where no discernable federal cause of action exists on a plaintiff's claim, there is no complete preemption . . . .").  In sum, Richards is not a "participant" of an ERISA plan such that his state-law claims can be reclassified as actually falling within § 502(a).  Because this "threshold requirement for complete preemption" has not been satisfied, *Sonoco Prods.*, 338 F.3d at 372, and there is no federal question on the face of the well-pleaded complaint,

---

[5]  The circuits are split as to whether standing under ERISA exists as to a claim that "but for" the defendant's wrongful actions, the plaintiff would be entitled to benefits under a plan.  As the Tenth Circuit explained in *Felix*, "the First, Second, Fifth, Sixth and Eighth Circuits have held that former employees may sue under ERISA if they make a 'but for' claim of this sort."  387 F.3d at 1159.  The Fourth, Tenth, and Eleventh Circuits, however, have rejected the "but for" approach. *Id.*

this action was improperly removed to federal court.  Accordingly, Richards's Motion to Remand is **GRANTED.**

Finally, Richards requests that the court award him costs and fees.  *See* 28 U.S.C. § 1447(c) (providing that, in remanding a case, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  While I conclude that the defendants have not carried their burden of establishing a proper basis for removal, I nevertheless **FIND** that the defendants did not lack an objectively reasonable basis for seeking removal.  Accordingly, the plaintiff's request for costs and fees is **DENIED**.

## IV.    Conclusion

Pursuant to the foregoing, the court **GRANTS** the Plaintiff's Motion to Remand [Docket 5] and **REMANDS** this action to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia.  The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, *www.wvsd.uscourts.gov*.

ENTER:        May 26, 2011

Joseph R. Goodwin, Chief Judge

-9-